

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin 26, Texas

Dear Sir:

Opinion No. 0-6046
Re: Is a motor bus required
to have regular bus license
plates where they operate
from an incorporated town
to an army camp or war plant
and when going to or from
these two points it is nec-
essary to pass through the
city limits of another in-
corporated town and related
questions?

     This will acknowledge receipt of your letter, dated
May 24, 1944, which reads, in part, as follows:

> "In recent months we have had several ques-
> tions arise regarding the licensing or registra-
> tion of motor busses transporting persons for
> compensation or hire. Most of these questions
> came about by reason of so many war plants and
> army camps being situated in Texas.
>
> " . . . .
>
> "The questions we would like to have you
> clarify for us are as follows:
>
> "1. Is a motor bus required to have regu-
> lar bus license plates where they op-
> erate from an incorporated town to an
> army camp or war plant and when going
> to or from these two points it is nec-
> essary to pass through the city limits

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of another incorporated town? For example, a bus operator has a permit from the Railroad Commission to transport persons for compensation or hire from Town A to Plant C; and from these two points it is necessary that he pass through the city limits of incorporated Town B but he is not permitted to transport passengers from Town A to Town B or from Town B to Plant C nor the reverse. The only reason he passes through the city limits of Town B is because the highway on which he travels is located through the city limits of that town.

"2. A Bus Company has a permit from the Railroad Commission to service a group of war plants and air fields, all situated together from three incorporated towns. In rendering this service, the bus operators are not permitted to handle passengers from one of these towns to another but only from these towns and intermediate points destined to one of the war plants or air fields and from the plants and air fields to either of the towns and intermediate points. However, in rendering this service, the bus operates to and through each of the three incorporated towns. Should these busses be licensed with regular bus plates because they operate in and out of these incorporated towns to the war plants, or should they have regular passenger plates since they do not do any inter-city business?

"3. On the Texas and Mexico Border a Bus Company, whose residence is in Mexico, operates to a town in Texas and in this operation they do not travel outside of the city limits of the Texas Town. Their

business in Texas is strictly international since they do no intra-city or intra-state service in Texas. The Town in Mexico is immediately across the river and has its own municipal government and is incorporated. Since this Bus Company's operations so far as Texas is concerned is wholly within the limits of an incorporated town, we would like to know should they have regular bus license or passenger license as is used on city busses in other Texas towns?

"4. Another Bus Company operating from a Texas Border Town to a Mexico Border Town and owned by a resident of Texas operates over several miles of highway before reaching the Mexico Border but does not pass through any other incorporated town in Texas. The Town in Mexico immediately across the border is incorporated. Since there is only one incorporated town in Texas involved, should these busses have regular bus license or passenger license?

"5. A large Bus Company, whose residence is out of the state and whose operations are through many incorporated towns and several states before reaching Texas, operates to only one incorporated town in Texas approximately twenty miles within the State. Since there is only one incorporated town through which these busses operate in Texas but many others outside of the state in which they operate, we would like to know if these busses should have regular Texas bus plates or Texas passenger car plates for their operations in Texas? This company operates a regular bus line, being permitted to haul passengers originating at any point and destined to any point and have no such restriction as those in Questions One and Two."

Honorable D. C. Greer, Page 4

Article 6675a-1, Sections a, b, j, m. and n, Vernon's Annotated Civil Statutes, respectively provide:

"(a)  'Vehicle' means every device in, or by which any person or property is or may be transported or drawn upon a public highway, except devices moved only by human power or used exclusively upon stationary rails or tracks.

"(b)  'Motor Vehicle' means every vehicle, as herein defined, that is self-propelled.

"  . . . .

"(j)  'Passenger Car' means any motor vehicle other than a motor cycle or a bus, as defined in this Act, designed or used primarily for the transportation of persons.

"  . . . .

"(m)  'Public Highway' shall include any road, street, way, thoroughfare or bridge in this State not privately owned or controlled for the use of vehicles over which the State has legislative jurisdiction under its police power.

"(n)  'Motor Bus' shall include every vehicle except those operated by muscular power or exclusively on stationary rails or tracks, which is used in transporting persons between or through two or more incorporated cities and/or towns and/or villages for compensation (or hire) whether operated over fixed routes or otherwise; except such of said vehicles as are operated exclusively within the limits of incorporated cities and/or towns or suburban additions to such towns."

And Article 6675a-2, Vernon's Annotated Civil Statutes, provides, in part, as follows:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the county in which he resides for the registration of each such vehicle owned or controlled by him for the ensuing or current calendar year or unexpired portion thereof; provided that where a public highway separates lands under the dominion or control of the owner, the operation of a motor vehicle by such owner, his agents or employees, across such highway shall not constitute a use of such motor vehicle upon a public highway of this State . . . ."

You will observe that Section n, supra, provides that "'Motor Bus' shall include every vehicle . . . which is used in transporting persons between or through two or more incorporated . . . . towns." (Emphasis ours) This is the test.

It follows in answer to your first two questions that the busses in question should have regular bus licenses as they pass "through two or more incorporated . . . towns."

With reference to your third, fourth, and fifth questions, we point out that Section n, supra, provides that "'Motor Bus' shall include every vehicle . . . ." (Emphasis ours) and that in Section a, supra, "'Vehicle' means every device . . . transported or drawn upon a public highway." (Emphasis ours) "Public Highway" is defined in Section m, supra, to "include any road, street, way, thoroughfare or bridge in this State . . . . over which the State has legislative jurisdiction under its police power." (Emphasis ours)

It is our opinion, therefore, that the Legislature meant in Section n, supra, "two or more incorporated towns" in Texas. It follows in answer to your third, fourth and fifth questions, that since the busses in question do not pass "between or through two or more incorporated cities and/or towns and/or villages" in Texas, they should be equipped with passenger car licenses. They fall within the definition of a "passenger car", Section (j), supra.

Honorable D. C. Greer, Page 6

Trusting this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Fred C. Chandler*
Fred C. Chandler
Assistant

By *Elton M. Hyder, Jr.*
Elton M. Hyder, Jr.

EMH:ff


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN